UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NICHOLAS J. DIPROJETTO,

                    Plaintiff                             DECISION AND ORDER

-vs-                                                         08-CV-6430 CJS

JASON W. ALLEN, IRONDEQUOIT POLICE
DEPARTMENT, TOWN OF IRONDEQUOIT,

                    Defendants
_____

INTRODUCTION

This is an action in which Nicholas DiProjetto ("Plaintiff"), proceeding *pro se*, alleges that Jason W. Allen ("Allen"), a police officer employed by the Town of Irondequoit, New York, assaulted him. Now before the Court is Defendants' motion to dismiss. For the reasons that follow, the application is granted and this action is dismissed without prejudice.

BACKGROUND

This action was commenced on September 19, 2008. The caption of the form complaint lists "Nicholas J. DiProjetto" as the plaintiff. However, the body of the complaint indicates that the "first plaintiffs" in the action are "John and Kim DiProjetto," and that the "second plaintiff" is "Nicholas J. DiProjetto." The complaint describes the claim, in relevant part, as follows: "Police brutality, assault and battery and pain and suffering . . . . On August 23, 2008, Officer Jason W. Allen intentionally beat Nicholas J. DiProjetto to the ground and continually punched him while Nicholas's vehicle was in the driveway of 302 Washington Ave., Rochester, NY 14617." The complaint does not

1

contain a demand for relief. The complaint appears to be signed by "John DiProjetto pro se." The summons that was served along with the complaint lists "Nicholas J. DiProjetto" as the plaintiff, and directs that any answer or motion be served on "plaintiff's attorney," "John P. DiProjetto, *pro se*." Based on documents attached to the complaint and statements made in court during oral argument of the subject motion, Nicholas DiProjetto is a twenty-one year old adult, and John DiProjetto and Kim DiProjetto are Nicholas's parents.

On October 10, 2008, Defendants filed the subject motion to dismiss, purportedly made pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). Defendants maintained that the complaint must be dismissed because if fails to comply with FRCP 8(a) and FRCP 11(a), because it was not signed by Nicholas, fails to identify a basis for subject matter jurisdiction, fails to demand relief, and sues an improper party.

On December 15, 2008, the Court issued a Motion Scheduling Order (Docket No. [#9]), which directed Plaintiff to file and serve a response to the motion by January 23, 2009. Plaintiff did not file a response.

Instead, on or about March 3, 2009, Plaintiff delivered various documents to the offices of the Irondequoit Police Department. These unsworn documents consist of a letter from Nicholas DiProjetto to the court, and a letter from John DiProjetto and Kim DiProjetto to the New York State Department of Motor Vehicles ("DMV"), letters from Nicholas's friends, and a decision from the DMV revoking Nicholas's driver's license, pursuant to New York Vehicle and Traffic Law § 1194, for failure to submit to chemical testing of his blood alcohol content. Plaintiff filed these documents with the Court.

2

(Docket No. [#12]). On March 11, 2009, Defendants filed a letter motion, asking the Court to strike those documents.

On May 7, 2009, the counsel for the Defendants, as well as Nicholas DiProjetto, John DiProjetto, and Kim DiProjetto, appeared before the undersigned for oral argument. At the outset, John DiProjetto and Nicholas DiProjetto maintained that the signature on the complaint was Nicholas's. However, upon further questioning by the Court, Nicholas admitted that the signature was not his.

## DISCUSSION

FRCP 11(a) states, in relevant part: "Every pleading . . . must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented. . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." In the instant case, it is clear that Nicholas DiProjetto is the plaintiff in this action. Nicholas's parents cannot sue on his behalf, nor can they represent him in this action. Moreover, Nicholas failed to comply with Rule 11(a). Ordinarily, in light of Nicholas's *pro se* status, the Court would be inclined to allow him to correct this error. However, for several reasons, the Court finds that dismissal without prejudice is appropriate. First, Defendants' motion is unopposed. Further in that regard, the plain language of Rule 11(a) requires that the Court strike the complaint, since Plaintiff did not promptly correct the error after it was brought to his attention. Instead, Plaintiff took no action with regard to his Rule 11 obligations, despite the passage of over six months. *See, Jimenez v. Van Riker*, No. 5:95-CV1658 (RSP)(DS), 1996 WL 89281 (N.D.N.Y. Feb. 27, 1996) (Dismissing action without prejudice where, *inter alia*, Plaintiff failed to correct omission

of signature on complaint). Additionally, Plaintiff acted in bad faith by misrepresenting to the Court that he had signed the complaint.

CONCLUSION

Defendants' applications are granted, and this action is dismissed, without prejudice.[1]

So Ordered.

Dated: Rochester, New York
May 15, 2009

ENTER:


/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge

---

[1] Because the Court is dismissing the action pursuant to Rule 11, it need not devote much discussion to the other bases for Defendants' motion. However, the Court notes that the complaint would not be subject to dismissal for failure to state a basis for federal subject-matter jurisdiction, since, construed liberally, the complaint states a claim under 42 U.S.C. § 1983. Nor would the complaint be subject to dismissal for failure to include a demand for relief. *Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002). However, the Court agrees that Plaintiff cannot assert a claim against the Irondequoit Police Department, since the Police Department is merely part of the Town of Irondequoit. *See, Fanelli v. Town of Harrison*, 46 F.Supp.2d 254, 257 (S.D.N.Y. 1999) (collecting cases).